

NUMBER 13-18-00332-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**HERBERT FRANKLIN GREY,**                                                    **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                    **Appellee.**

---

On appeal from the 52nd District Court
of Coryell County, Texas.

---

# MEMORANDUM OPINION[1]

**Before Justices Benavides, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant Herbert Franklin Grey was convicted of aggravated sexual assault of a

child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021 (West, Westlaw through

---

[1] This cause is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.). Because this is a transfer case, we apply precedent of the transferring court of appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

1st 2017 C.S.). Grey was sentenced to twenty years imprisonment in the Texas Department of Criminal Justice–Institutional Division and fined $5,000. Grey's court-appointed appellate counsel has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm.

## I.     *ANDERS* BRIEF

Pursuant to *Anders*, Grey's counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id*. Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, Grey's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has informed this Court, in writing, that counsel has: (1) notified Grey that he has filed an *Anders* brief and a motion to withdraw; (2) provided Grey with a copy of the *Anders* brief and motion to withdraw; (3) informed Grey of his rights to file a pro se response[2] and review the record preparatory

---

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008).

to filing that response; and (4) provided Grey with a copy of the appellate record. *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n. 23. An adequate amount of time has passed, and Grey has not filed a pro se brief. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We may determine the appeal is wholly frivolous and issue an opinion after reviewing the record and finding no reversible error. *Bledsoe v. State*, 178 S.W.3d 824, 826–827 (Tex. Crim. App. 2005). Alternatively, if we determine that arguable grounds for appeal exist, we must remand for the appointment of new counsel to brief those issues. *Id*. at 827.

We have conducted an independent review of the record, including appellate counsel's brief, and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *Bledsoe*, 178 S.W.3d at, 826–27. We agree with counsel that the record presents no arguably meritorious grounds for review and the appeal is frivolous. *See Garner*, 300 S.W.3d at 766; *Bledsoe*, 178 S.W.3d at 827.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Grey's attorney has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he must withdraw from representing

the appellant.  To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).  We grant counsel's motion to withdraw.  Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to Grey and to advise him of his right to file a petition for discretionary review.[3]  See TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.  CONCLUSION

Counsel's motion to withdraw is granted.  We affirm the trial court's judgment.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
7th day of March, 2019.

---

[3] No substitute counsel will be appointed.  If Grey seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court.  See TEX. R. APP. P. 68.2.  Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4.  *See id*. R. 68.4.